1   RONALD M. GREENBERG, ESQ. (State Bar No. 035953)
    rgreenberg@bcrslaw.com
2   RONALD M. GREENBERG,
      A PROFESSIONAL CORPORATION
3
    PETER J. MARCUS, ESQ. (State Bar No. 202602)
4   pmarcus@bcrslaw.com
    BERKES CRANE ROBINSON & SEAL LLP
5   515 South Figueroa Street, Suite 1500
    Los Angeles, California  90071
6   Telephone: (213) 955-1150
    Facsimile:  (213) 955-1155
7
    JANET A. SHAPIRO, ESQ. (State Bar No. 126974)
8   shapirofirm@aol.com
    THE SHAPIRO LAW FIRM
9   212 S. Gale Drive
    Beverly Hills, California  90211
10  Telephone:  (323) 852-0333
    Facsimile:  (323) 852-0336
11
    Attorneys for APPELLANTS
12  MICHAEL ACKERMAN AND FLOYD KURILOFF

13            **UNITED STATES DISTRICT COURT**

14   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

| | |
|---|---|
| 16   IN RE: | Case No. CV10-4974 GW |
| 17   JOSE EBER | *Hon. George H. Wu* |
| 18              DEBTOR | |
| 19   MICHAEL ACKERMAN AND | Bankruptcy Court Case No. |
| 20   FLOYD KURILOFF | 2:09-bk-25103 BR |
| 21              APPELLANTS | Adversary Case No. |
| 22          v. | 2:09-ap-02090 BR |
| 23   JOSE EBER | |
| 24              APPELLEE | **APPELLANTS' REPLY BRIEF** |
| 25 | Date:    September 13, 2010 |
| 26 | Time:    8:30 a.m.<br>Crtrm:  10 |

27

28

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL LLP

APPELLANTS' REPLY BRIEF

# **TABLE OF CONTENTS**

**Page**

I.    THE STANDARD OF REVIEW IS DE NOVO ............................................2

II.   THE 1970 AMENDMENTS TO THE BANKRUPTCY CODE ARE
IRRELEVANT TO THE ISSUE OF APPELLANTS' RIGHT TO
ARBITRATION ..............................................................................................4

III.  APPELLANTS HAVE NEVER REQUESTED, AND THE
BANKRUPTCY COURT HAS NOT FOUND, THAT APPELLANTS
"WISH TO ARBITRATE DISCHARGEABILITY" ......................................5

IV.  ARBITRATION OF THE EXISTENCE AND AMOUNT OF A DEBT
DOES NOT INHERENTLY CONFLICT WITH THE BANKRUPTCY
CODE, OR NECESSARILY JEOPARDIZE THE OBJECTIVES OF
THE BANKRUPTCY CODE .........................................................................7

CONCLUSION ...........................................................................................................10

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL LLP

i

APPELLANTS' REPLY BRIEF

1

# TABLE OF AUTHORITIES

2                                                                                                   **Page**

3

4 **CASES**

5 *Britton v. Co-Op Banking Group,*
       916 F.2d 1405 (9th Cir. 1990) ...................................................................................2

6

*Grogan v. Garner,*
7       498 U.S. 127 (1979) ...................................................................................4, 7, 9

8 *In re Hagerstown Fiber Limited Partnership,*
       277 B.R. 181 (Bankr. S.D.N.Y. 2002) ......................................................................2

9

*In re Hermayian,*
10       ___ B.R. ____, 2010 WL 3359684 (Bankr. E.D. Mich. 2010) ...........................7

11 *MBNA America Bank, N.A. v. Hill,*
       436 F.3d 104 (2d Cir. 2006) ...................................................................................3, 4

12
*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus.,*
13       *Inc.),*
       907 F.2d 1280 (2d. Cir. 1976) ...................................................................................2, 3

14
*Vans Inc. v. Rosendahl (In re Rosendahl)*
15       307 B.R. 199 (Bankr. D.Ore. 2004) ......................................................................10

16

17 **STATUTES**

18 11 U.S.C. § 523(a) ...................................................................................7

19 11 U.S.C. § 523(a)(2) ...................................................................................7

20 11 U.S.C. § 523(a)(4) ...................................................................................7

21 11 U.S.C. § 523(a)(6) ...................................................................................7

22

23 75095.1

24

25

26

27

28

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL LLP

ii

1 | Michael Ackerman and Floyd Kuriloff ("Appellants") hereby submit this
2 | Reply Brief to Appellee's Answering Brief ("Appellee's Brief").

3 | **I.**

4 | **THE STANDARD OF REVIEW IS DE NOVO**

5 | This appeal is solely from the bankruptcy court's Order Denying Motion to
6 | Compel Arbitration and Stay Adversary Proceeding ("Motion to Compel") entered
7 | on June 10, 2010. Appendix No. 10, Dkt. No. 24. No matter how many times
8 | Appellee asserts that this appeal is from the prior bankruptcy court's Order Denying
9 | Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 ("Motion re
10 | Automatic Stay"), entered on March 22, 2010, Appendix No. 6, Dkt. No. 27, the fact
11 | remains that Appellee is wrong. This appeal is from the Order Denying the Motion
12 | to Compel.

13 | Applicable law holds that the standard of review of an order denying a motion
14 | to compel arbitration is de novo. *Britton v. Co-Op Banking Group,* 916 F.2d 1405,
15 | 1409 (9th Cir. 1990). That is because there are substantive differences between a
16 | motion for relief from the automatic stay and a motion to compel arbitration.

17 | A party moving for relief from the automatic stay has the burden to make a
18 | threshold showing of cause. *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In*
19 | *re Sonnax Indus., Inc.),* 907 F.2d 1280, 1285 (2d. Cir. 1976). To make that
20 | showing, the bankruptcy court considers a number of factors that are enumerated in
21 | *In re Sonnax.* On the other hand, the party opposing a motion to compel arbitration
22 | has the burden to show that compelling arbitration would inherently conflict with
23 | the Bankruptcy Code, or necessarily jeopardize the objectives of the Bankruptcy
24 | Code. Noting the difference between a motion for relief from the automatic stay
25 | and a motion to compel arbitration is *In re Hagerstown Fiber Limited Partnership,*
26 | 277 B.R. 181, 204 (Bankr. S.D.N.Y. 2002), wherein the court stated:

27 | The issue raised by SBBCS's current motion differs from
28 | the earlier one. SBCCS never moved to compel

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL LLP

2

APPELLANTS' REPLY BRIEF

1    arbitration in the first case, and I did not treat its motion

2    as anything other than one for relief from the stay. Stay

3    relief motions give a bankruptcy court considerable

4    discretion, and I exercised that discretion based upon the

5    application of the *Sonnax* factors.

6

7    The present motion affords me much less discretion-in

8    fact, possibly none at all. *Sonnax* balancing does not

9    apply, and the strong federal policy favoring arbitration

10   trumps the usual considerations of judicial economy and

11   efficiency which are important factors under *Sonnax.*

12   Thus, arbitration may be required even though it will

13   require several litigations and possibly lead to

14   inconsistent results.

15   It is because of these differences in the two types of motions that the standard

16   of review of an order denying a motion for relief from the automatic stay is abuse of

17   discretion whereas the standard of review of an order denying a motion to compel

18   arbitration is de novo.

19   Perhaps recognizing that he is wrong on his abuse of discretion standard for

20   review in this matter, Appellee also suggests that the standard of review should be

21   clearly erroneous because a core proceeding is implicated. Appellee's Brief, at 4:20-

22   5:7. Appellee cites *MBNA America Bank, N.A. v. Hill,* 436 F.3d 104, 107 (2d Cir.

23   2006) to support his secondary position. What the court said, however, is the

24   following:

25   "The bankruptcy court's conclusions with respect to

26   enforcement of the arbitration clause raise mixed questions

27   of law and fact. We review the bankruptcy court's factual

28   determinations for clear error and its legal conclusions *de*

1  *novo.*"  (Emphasis the court's.)

2      Applying that standard of review, with respect to "factual determinations,"

3  Appellee's asserted bankruptcy court's "findings" are clearly erroneous and its legal

4  conclusions are wrong.  In addition, *MBNA America Bank, N.A. v. Hill, supra,*

5  actually supports Appellants' position on their right to arbitration.

## II.

### THE 1970 AMENDMENTS TO THE BANKRUPTCY CODE ARE IRRELEVANT TO THE ISSUE OF APPELLANTS' RIGHT TO ARBITRATION

10      The issue in this case is not the importance of the Bankruptcy Code or the

11  importance of the Federal Arbitration Act.  Both are important and both reflect

12  strong public policies.  The issue in this matter is how to reconcile these two

13  significant public policies.  That issue is ignored by Appellee.

14      Every Circuit Court of Appeals that has considered this reconciliation issue

15  has concluded that the right to arbitration prevails unless the party opposing

16  arbitration proves, and the bankruptcy court finds, that allowing arbitration will

17  inherently conflict with the Bankruptcy Code or necessarily jeopardize the

18  objectives of the Bankruptcy Code.  *See* Appellants' Opening Brief, at 6:3-9:25.  In

19  other words, "proof" and "findings" are requisite elements for a resolution of this

20  reconciliation issue.

21      Much of Appellee's Brief concerns itself with the 1970 amendments to the

22  Bankruptcy Code which Appellee asserts vests exclusive jurisdiction in the

23  bankruptcy court to decide dischargeability.  The first case cited by Appellee

24  concerning the 1970 amendments to the Bankruptcy Code vesting such jurisdiction

25  is *Grogan v. Garner,* 498 U.S. 127 (1979).  Appellee's Brief at 1, fn. 1.  The last

26  portion of Appellee's Brief arguing this same premise in found in Appellee's Brief,

27  at 13:2-15:20. Appellants do not dispute this premise.  What Appellants dispute is

28  Appellee's argument that the 1970 amendments to the Bankruptcy Code mean

1 | arbitration can play no role in the bankruptcy court's determination of

2 | dischargeability.  Appellants are wrong.

3 |    The fact that collateral estoppel may impact a dischargeability proceeding is

4 | not a basis for concluding that arbitration of the state law claim inherently conflicts

5 | with the Bankruptcy Code or necessarily jeopardizes the objectives of the

6 | Bankruptcy Code.  To that end, there are no findings by the bankruptcy court in this

7 | matter which even begin to explain how, or otherwise support any conclusion that,

8 | arbitration in this matter will inherently conflict with the Bankruptcy Court, or

9 | necessarily jeopardize the objectives of the Bankruptcy Code.

10 |

**III.**

11 | **APPELLANTS HAVE NEVER REQUESTED, AND THE BANKRUPTCY**

12 | **COURT HAS NOT FOUND, THAT APPELLANTS "WISH TO ARBITRATE**

13 | **DISCHARGEABILITY"**

14 |    A fundamental premise of Appellee's position is that the bankruptcy court

15 | found that Appellants "wish to arbitrate dischargeability."  Appellee's Brief, at 5:11-

16 | 6:26.  That premise is not supported by the record.  The record shows that

17 | Appellants have consistently denied any intent to have the arbitrator decide

18 | dischargeability.  As stated by Appellants:

19 |    MR. GREENBERG:  We are not asking the arbitrator to decide

20 |    dischargeability.  We have never asked that.

21 | Appellants' Appendix No. 9, RT at 243:14-15.

22 |    As for the bankruptcy court, it acknowledged that Appellants were not

23 | requesting that the arbitrator decide dischargeability; but rather, were placing the

24 | bankruptcy court in a position wherein it might have to adopt findings made by the

25 | arbitrator in connection with the bankruptcy court's determination of

26 | dischargeability.  As stated by the bankruptcy court:

27 |    MR. GREENBERG:  So the bottom line, as I understand it

28 |    is, the Court does not want to be in a position to perhaps have to

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL LLP

5

1  adopt an arbitrator's findings on a collateral estoppel or issue

2  preclusion.

3  THE COURT: No, I – well, the answer is, I think that the

4  dischargeability in the bankruptcy is a very important right.

5  Obviously, there are other sides, the side you're on, that are

6  important too. But in this particular case, I'm going to be the one

7  who is going to decide it and there's no reason that I can see,

8  since there's not a claim litigation, that I shouldn't decide it.

9  I understand. It's a good argument. If I were in your shoes,

10  I would be making the same argument. There's nothing wrong

11  with the argument. But on balance, I think the bankruptcy law

12  contemplates that the bankruptcy judge should decide it.

13  Now, of course, obviously, if this had been tried before

14  bankruptcy, then we would be dealing – but we're not – we

15  would be dealing with collateral estoppel. So I – yes.

16  *Id.* at 247:19-248:13.

17  What the record shows is that the bankruptcy court's decision to deny

18  Appellants' Motion to Compel was based upon one reason. That reason was Judge

19  Russell's concern about collateral estoppel. *See* Appellants' Opening Brief, at 10:24-

20  18:16.

21  Despite the above facts, even it is assumed that the Appellants' alleged

22  "wish" to have the arbitrator find facts which, through collateral estoppel, compel

23  the bankruptcy court to find the debt nondischargeable, that alleged "wish" does not

24  support the denial of Appellants' right to compel arbitration. The reason is that,

25  even if true, collateral estoppel does not inherently conflict with, or necessarily

26  jeopardize, the objectives of the Bankruptcy Code. Despite the 1970 amendments to

27  the Bankruptcy Code, the Supreme Court has held that collateral estoppel is

28  applicable in dischargeability proceedings. As stated by the Supreme Court in

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL LLP

6

1  *Grogan v. Garner, supra* 498 U.S. at 285, fn. 11: "We now clarify that collateral

2  estoppel principles do indeed apply in discharge exception proceedings pursuant to

3  11 U.S.C. § 523(a)."

4  **IV.**

5  **ARBITRATION OF THE EXISTENCE AND AMOUNT OF A DEBT DOES**

6  **NOT INHERENTLY CONFLICT WITH THE BANKRUPTCY CODE, OR**

7  **NECESSARILY JEOPARDIZE THE OBJECTIVES OF THE**

8  **BANKRUPTCY CODE**

9  On August 25, 2010, the bankruptcy court in *In re Hermayian,* ___ B.R.

10  ____, 2010 WL 3359684 (Bankr. E.D. Mich. 2010), in a factually analogous case,

11  addressed the arguments now raised by Appellee and concluded that arbitration of

12  the existence and amount of a debt does not inherently conflict with the Bankruptcy

13  Code, or necessarily jeopardize the objectives of the Bankruptcy Code.

14  In *In re Hermayian,* as in this matter, a Chapter 7 case was filed by the Debtor

15  shortly after the arbitration was commenced. In both cases the Chapter 7 trustee

16  filed a no asset report, and in both cases the creditors filed an adversary proceeding

17  seeking a determination of the non-dischargeability of the debt allegedly owed by

18  the Debtor under §§ 523(a)(2), (4) and (6).

19  Against this factual background, in rejecting the arguments now made by

20  Appellee, the bankruptcy court in *In re Hermayian, supra,* made the following

21  findings:

22  As noted, the Chapter 7 Trustee filed a no asset report on

23  May 21, 2010. Therefore, there is no conflict with the

24  Bankruptcy Code's underlying policy of a centralized

25  forum for claims resolution and orderly distribution of

26  assets because there are no claims to be resolved nor

27  assets to be distributed in this Chapter 7 case.

28  *Id.* at * 7.

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL LLP

7

APPELLANTS' REPLY BRIEF

1         The Court finds that there is no inherent conflict between
2         arbitration of the limited matters regarding the existence
3         and amount of a debt, and the underlying policy of the
4         Bankruptcy Code to promptly adjudicate the
5         dischargeability of such debt.

6 *Id.* at * 8.

7         The Debtor is correct in stating that he is entitled to a
8         fresh start.  But the Debtor reads fresh start too broadly.
9         A fresh start does not mean debtors are free from all of
10        the consequences of every decision that they have made,
11        which in hindsight, might have been ill-advised.  Instead,
12        the honest but unfortunate debtor is given a fresh start
13        through a discharge of debts.  Tweedie, as is his right,
14        has challenged the Debtor's discharge and the
15        dischargeability of an alleged debt.  It may or may not
16        cost more for an arbitrator to determine the limited issues
17        of the fact and amount of the debt than if this Court made
18        that determination.  But this fact does not impair the
19        Debtor's fresh start nor does it give the Court a basis to
20        conclude that arbitration in this case inherently conflicts
21        with an underlying policy of the Bankruptcy Code.

22 *Id.* at * 8.

23         There is nothing in Tweedie's adversary proceeding
24        against the Chapter 7 trustee that presents an inherent
25        conflict between arbitration of the fact and amount of the
26        debt owed by the Debtor to Tweedie and any underlying
27        purpose in the Bankruptcy Code.

28 *Id.* at * 9, fn 4.

1   In this case because it is a no asset case there is, likewise, no conflict with the

2   Bankruptcy Code's underlying policy of a centralized distribution of assets because

3   there are no claims to be resolved nor assets to be distributed in this Chapter 7 case.

4   Similarly, in this case there is no inherent conflict between arbitration of the

5   limited matters regarding the existence and amount of a debt, and the underlying

6   policy of the Bankruptcy Code to promptly adjudicate the dischargeability of such

7   debt. There are a few depositions which remain to be taken irrespective of whether

8   the debt issues are decided in arbitration or in the bankruptcy court. An arbitration

9   hearing can occur within the same time parameter of a bankruptcy court trial. It is

10  noted, however, that a potential delay of the dischargeability trial because of

11  arbitration is not a basis for denying arbitration. *In re Statewide Realty Company,*

12  159 B.R. 719, 724 (Bankr. D.N.J. 1993) ("The fact that arbitration may not be as

13  efficient  or as expeditious has been held not to justify refusal to enforce arbitration

14  clauses in itself, even in bankruptcy.")

15  As for Appellee's fresh start argument, it is identical to the Debtor's argument

16  in *In re Hermayian, supra,* wherein the bankruptcy court found that arbitration of

17  the limited issues of the fact and amount of the debt "does not impair the Debtor's

18  fresh start nor does it give the court a basis to conclude that arbitration in this case

19  inherently conflicts with an underlying policy of the Bankruptcy Code." *Id.* at * 8.

20  In addition, while it is true that the 1970 amendments to the Bankruptcy Code

21  were enacted to ensure a "fresh start" for a debtor, we must also keep in mind the

22  following statement of the Supreme Court in *Grogan v. Garner, supra* 498 U.S. at

23  286-287:

24  But in the same breath that we have invoked this "fresh

25  start" policy, we have been careful to explain that the Act

26  limits the opportunity for a completely unencumbered new

27  beginning to the "honest but unfortunate debtor."

28  In this case, Appellants submit that Appellee is far from an "honest but

1    unfortunate debtor." Rather, he is a person who defrauded Appellants and breached

2    fiduciary obligations owing to them. That issue obviously cannot be resolved in this

3    appeal. That is why Appellee's argument based upon his perceived merits of the

4    dispute is irrelevant to this appeal. Suffice it to say that there is additional evidence

5    that will support Appellants' claim.

6         Finally, Appellee has not sustained his burden of proof, and the bankruptcy

7    court has not made any findings, that show an inherent conflict between arbitration

8    of the fact and amount of the debt owed by Appellee to Appellants and any

9    underlying purpose in the Bankruptcy Code.

10        The fact that an arbitrator will first decide the existence and amount of the

11   debt does not mean that the arbitrator is deciding the dischargeability issue. Only

12   the bankruptcy court can, and will, decide that issue. Moreover, not every

13   arbitration that results in a finding of liability automatically means the bankruptcy

14   court must find the debt not dischargeable. *See e.g., Vans Inc. v. Rosendahl (In re*

15   *Rosendahl)* 307 B.R. 199, 217 (Bankr. D.Ore. 2004).

16        By the same token, if an arbitration results in the requisite findings which,

17   through collateral estoppel or issue preclusion, compel the bankruptcy court to find

18   the debt not dischargeable, that fact does not mean that the arbitration inherently

19   conflicts with the Bankruptcy Code or necessarily jeopardizes the objectives of the

20   Bankruptcy Code. Thus, there is no reason, and certainly no finding, which can

21   justify denying Appellants their right to arbitration on the limited issues of the fact

22   and amount of debt before the issue of dischargeability is presented to the

23   bankruptcy court.

24                            **CONCLUSION**

25        For the reasons set forth in Appellants' Opening Brief and herein, Appellants

26   respectfully request that the Order of the bankruptcy court denying Appellants'

27   Motion to Compel be reversed and the Motion to Compel be granted.

28

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL LLP

                              10
                                        APPELLANTS' REPLY BRIEF

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 515 South Figueroa Street, Suite 1500, Los Angeles, California 90071.

On September 3, 2010, I served true copies of the following document(s) described as **APPELLANTS' REPLY BRIEF** on the interested parties in this action as follows:

Jeffrey S. Shinbrot, Esq.              *Attorneys for Debtor/Appellee*
jeffrey@shinbrotfirm.com               JOSE EBER
JEFFREY S. SHINBROT, APLC
8200 Wilshire Boulevard, Suite 400
Beverly Hills, CA  90211
Tel:  (310) 659-5444
Fax: (310) 878-8304

☒    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Berkes Crane Robinson & Seal LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 3, 2010, at Los Angeles, California.

LYNN SPENCER